IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                  CAUSE NO. 1:23CR135-LG-BWR-1

**KARL CHRISTOPHER TALLEY**

### ORDER GRANTING THE GOVERNMENT'S MOTION TO DETERMINE COMPETENCY AT THE TIME OF CRIME

Counsel for Defendant Karl Christopher Talley recently filed a [35] Notice of Insanity Defense and Intent to Use Expert Evidence pursuant to Fed. R. Crim. P. 12.2. The Government has also filed a [37] Motion to Determine Competency at the Time of Crime that is unopposed by Defendant. After reviewing the parties' submissions and the applicable law, the Court finds that the Government's Motion should be granted. The Court finds that a psychiatric or psychological examination of Defendant should be conducted pursuant to 18 U.S.C. § 4242(a) and 18 U.S.C. § 4247(b). The Court further finds that a psychiatric or psychological report should be filed with the court pursuant to the provisions of 18 U.S.C. § 4247(b) and (c).

### DISCUSSION

On July 19, 2024, the Court found that Defendant was "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he [was] unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Order [33]. The Court committed him to the custody of the Attorney General of the United States for treatment in a suitable facility in accord with the provisions set forth in 18 U.S.C. § 4241(d).

On April 21, 2025, the Court received a [34] Forensic Evaluation Report from Forensic Psychologist Marina Mukhin, PsyD, concerning her evaluation of Defendant at the Federal Medical Center in Butner, North Carolina. Dr. Mukhin opined that Defendant continues to suffer from a mental disease or defect that renders him not competent to stand trial. Based on Dr. Mukhin's Report, the Court determined that there is a substantial probability that Defendant could become competent to stand trial if he remains committed for an additional reasonable time. Therefore, on April 23, 2025, the Court extended Defendant's period of commitment pursuant to 18 U.S.C. § 4241(d)(2)(A).

When, as here, a defendant provides notice that he intends to rely on the defense of insanity and the Government files a motion, the Court is required to "order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court pursuant to the provisions of section 4247(b) and (c)." *See* 18 U.S.C. § 4242(a). The court may commit the defendant to the custody of the Attorney General for a reasonable period, but not to exceed forty-five days, so that a psychiatric or psychological examination can be conducted. 18 U.S.C. §4247(b).

As explained previously, the Defendant is currently in the custody of the Attorney General for a reasonable period of time for restoration of competency pursuant to 18 U.S.C. § 4241(d)(2). In order to conserve resources and time, the Court will require that a licensed or certified psychiatrist or psychologist examine Defendant during his current commitment for competency restoration. The

examination shall be performed within the next forty-five days following the date of this Order.  *See* 18 U.S.C. § 4247(b).

The person designated to conduct Defendant's examination shall prepare a report that includes:

(1) Defendant's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) the examiner's findings; and

(4) the examiner's opinions as to diagnosis, prognosis, and

(5) an opinion as to whether Defendant was insane at the time of the offense charged.

*See* 18 U.S.C. § 4247(c).  The report must be filed with the Court, with copies provided to Counsel for Defendant and Counsel for the Government.

After completion of the examination required by this Order, Defendant shall remain in the custody of the Attorney General in accord with this Court's prior [36] Order Extending Period of Commitment for Treatment pursuant to 18 U.S.C. § 4241(d)(2)(A).  In addition, semi-annual reports concerning whether Defendant is competent to stand trial shall be filed pursuant to that Order.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Government's [37] Motion to Determine Competency at the Time of Crime is **GRANTED**.  An examination concerning whether Defendant was insane at the time of the offense shall be performed within **FORTY-FIVE DAYS** of the date of this Order.

-4-

**IT IS FURTHER ORDERED AND ADJUDGED** that a psychiatric or psychological report detailing the examiner's findings shall be filed with the Court, with copies provided to Counsel for Defendant and Counsel for the Government as required by 18 U.S.C. § 4247(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that, after completion of the examination required by this Order, Defendant shall remain in the custody of the Attorney General in accord with this Court's prior [36] Order Extending Period of Commitment for Treatment pursuant to 18 U.S.C. § 4241(d)(2)(A).

**SO ORDERED AND ADJUDGED** this the 24th day of April, 2025.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge