**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                  **CAUSE NO. 1:23CR135-LG-BWR-1**

**KARL CHRISTOPHER TALLEY**

**ORDER EXTENDING DEADLINE FOR EVALUATION OF DEFENDANT'S
MENTAL STATE AT THE TIME OF THE ALLEGED OFFENSES**

On July 19, 2024, the Court found that Defendant Karl Christopher Talley was "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he [was] unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Order [33]. The Court committed him to the custody of the Attorney General of the United States for treatment in a suitable facility in accord with the provisions set forth in 18 U.S.C. § 4241(d). On April 21, 2025, the Court received a forensic evaluation report opining that Defendant was not competent to stand trial. Report [34] at 12–13.

The following day, Counsel for Defendant filed a [35] Notice of Insanity Defense and Intent to Use Expert Evidence pursuant to Fed. R. Crim. P. 12.2. The Government has also filed a [37] Motion to Determine Competency at the Time of Crime that was unopposed by Defendant. On April 24, 2025, the Court entered an [38] Order granting the Government's Motion and ordered that an examination concerning whether Defendant was insane at the time of the offense should be performed during Defendant's commitment for competency restoration within forty-five days.

On November 10, 2025, the Court received a report from a forensic psychologist opining that Defendant remained incompetent to stand trial. Report [40] at 17. The forensic psychologist recommended that "an evaluation of [Defendant's] mental state at the time of the offense be completed in a more comprehensive and accurate fashion once the defendant has reached a higher level of psychiatric stability." Report [40] at 16.

On May 11, 2026, the Court received another [41] Forensic Evaluation Report in which a forensic psychologist opined that Defendant is now competent to stand trial. By separate correspondence, a forensic psychologist employed by the Bureau of Prisons requested additional time to conduct an examination concerning Defendant's mental state at the time of the alleged offenses. Counsel for the Government and Counsel for Defendant informed the Court that they do not oppose a thirty-day extension pursuant to 18 U.S.C. § 4247(b). As a result, the Court finds that there is good cause for granting an additional thirty days from the date of this Order for observation and evaluation of Defendant in order to determine Defendant's mental state at the time of the alleged offenses: on or about April 1, 2022; on or about September 7, 2022; on or about December 1, 2022; and on or about February 1, 2023. *See* Indictment [3] at 1–3.

The person designated to conduct Defendant's examination shall prepare a report that includes:

(1) Defendant's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;
(3) the examiner's findings;
(4) the examiner's opinions as to diagnosis, prognosis, and
(5) an opinion as to whether Defendant was insane at the time of the offense charged.

*See* 18 U.S.C. § 4247(c).  The report must be filed with the Court, with copies provided to Counsel for Defendant and Counsel for the Government.

Upon receipt of the psychological or psychiatric examination report, Defendant shall be returned to the custody of the United States Marshal where he shall remain until further order of this Court.  Counsel for Defendant shall review the report and advise the Court whether additional testing is necessary.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Bureau of Prisons' request for additional time to evaluate and observe Defendant to determine his mental state at the time of the alleged offenses is **GRANTED**.  The inpatient psychological or psychiatric examination of Defendant shall be conducted pursuant to 18 U.S.C. § 4247(b) within **thirty days** of the date of this Order, and a report shall be prepared pursuant 18 U.S.C. § 4247(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that the Court will schedule a hearing after receipt of the psychological or psychiatric report.

**SO ORDERED AND ADJUDGED** this the 19th day of May, 2026.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge

-3-